## SUPREME COURT.

### VAN WAGENEN agt. LA FARGE & LAHENS.

Where a mortgagee had proceeded to foreclose a mortgage, and had obtained a decree of foreclosure and sale, and thereupon the owner of the premises, under an agreement with the mortgagee, executed to a third person a deed of the mortgaged premises in trust, to sell it in a manner pointed out by a declaration of the trust, and apply the proceeds in payment of the decree,

*Held,* that the mortgagee had entered into a new contract, which, so far as it differed from the former one, defined and established by his decree, superseded and controlled it. And an *injunction* was sustained, restraining the mortgagee from further proceeding under his decree of foreclosure and sale.

*New-York Special Term, Dec.,* 1855.

MOTION to dissolve injunction.

VARNUM & APPLEBY, *for motion.*

E. J. GENET, *opposed.*

PEABODY, Justice. The defendant La Farge was owner of a bond and mortgage made by plaintiff, to secure the payment of $80,000, which mortgage covered a valuable tract of land on Staten Island.

The bond being unpaid at maturity, he proceeded to foreclose the mortgage, and obtained the usual decree of foreclosure and sale. In this condition of the parties, plaintiff, under an agreement with La Farge, executed to Lahens a deed of the property covered by the decree of foreclosure, in trust, to sell it in a manner pointed out by a declaration of the trust, and apply the proceeds in payment of the decree.

Lahens has not sold the property or executed the trust; but La Farge, having resolved to enforce his decree, has procee to advertise the property for sale under and by virtue of Plaintiff at this point commenced a suit against defendants, as a part of his relief, that La Farge be restrained from enforcing his decree against the property, leaving the property to be sold

Van Wagenen agt. La Farge and Lahens.

by Lahens, under .and pursuant to the deed to him, and the trusts upon which it was executed.

On commencing this suit, he procured an injunction, restraining the sale advertised by La Farge under the decree, and this injunction the defendant now moves to dissolve.

There are many other matters contained in the papers, such as the fact, that the deed to Lahens conveyed other property besides the mortgaged premises, which has been sold in accordance with the trust, and other matters, affirmed on one side and denied on the other, which I omit to state among the facts of this case, because I think them unimportant for the purposes of this motion in the view I shall take.

The question, then, seems to be, what was the legal effect of the conveyance by plaintiff to Lahens of the mortgaged premises, in trust, from the proceeds of it to pay the mortgage debt— this conveyance having been made with the knowledge and approbation of La Farge, and under an arrangement with him that it should be made as it was? The terms of the arrangement are controverted, and, in my view of the case, are unimportant. The fact of an arrangement I invoke merely to establish the connection of La Farge with, and his participation in the transaction between the plaintiff and Lahens, and to place him in the attitude of a party to it. He then having united with them in this arrangement, what effect had it on his right under his decree? I answer, with the diffidence that becomes me when I am compelled to differ from either of the gentlemen who were counsel in this case, that it was a new contract entered into by him, which, so far as it differed from the former one, defined and established by his decree, superseded and controlled it.

The principal difference between the rights of La Farge under the decree, and his rights under the deed, relates to the time and mode of sale of the property; and as to these he is bound by his more recent contract. Having deemed it for his interest to change his position and rights, and having entered into a contract to that effect with the plaintiff, he is entitled to all the benefits realised or to be derived from the change—(of

which it would seem some at least were not trivial)—and he is bound, also, to bear all the burdens he has consented to assume.

If, among these, his waiver of the right to sell under the decree is deemed grievous, he must find his solace, as he may in the contemplation of the benefits derived, or to be derived, from the new arrangement, among which the devotion anew, by plaintiff, of one hundred and twenty lots in addition to those included in the mortgage, to increase the security for his claim will doubtless occupy a prominent place in his estimation.

The other questions argued on the motion, it seems unnecessary, under this view, to examine.

The motion must be denied, with $10 costs.